



FILED
Oct 19, 2021
03:19 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Willie Smith | ) Docket No. 2019-08-0221 |
| | ) |
| v. | ) State File No. 52354-2018 |
| | ) |
| Memphis National Parts Warehouse/ | ) |
| Daimler Trucks, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Deana C. Seymour, Judge | ) |

---

### Affirmed and Remanded

---

The employee, a warehouse worker, reported suffering an injury to his low back while helping lift a box onto a conveyor belt. After a period of authorized treatment, the treating physician recommended surgical intervention, but the employer declined to authorize the surgery after receiving a medical opinion that the surgery was not medically necessary to treat the employee's low back condition. Subsequently, the recommendation for surgery was submitted to the employer's utilization review provider who recommended non-certification. The utilization review denial was appealed to the Medical Director's office, and the Assistant Medical Director agreed with the non-certification. Following an expedited hearing, the trial court determined the expert proof submitted by the employer overcame the presumption of correctness attributable to the authorized physician's opinion regarding the medical necessity of the recommended surgery and denied the employee's request. The employee has appealed. We conclude the evidence does not preponderate against the trial court's determination. As a result, we affirm the trial court's order and remand the case.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Pele I. Godkin joined.

Monica Rejaei, Memphis, Tennessee, for the employee-appellant, Willie Smith

Donald Babineaux, Memphis, Tennessee, for the employer-appellee, Memphis National Parts Warehouse/Daimler Trucks

## Factual and Procedural Background

Willie Smith ("Employee"), a Mississippi resident, was employed as a warehouse worker for Memphis National Parts Warehouse ("Employer") when, on or about July 12, 2018, he "felt a sting" in his lower back while assisting a co-worker lift a heavy box from the floor to a conveyor belt.[1]  Employee reported the incident to his supervisor the same day and went to a local emergency room where he was evaluated, treated with medications, and told to follow up with his physician.  Thereafter, Employer provided Employee a panel of physicians from which he selected Dr. Sam Murrell, an orthopedic surgeon.

Dr. Murrell first examined Employee in July 2018, noted a pre-existing history of several episodes of low back pain, and recommended a course of physical therapy and steroidal medication.  Several months later, Dr. Murrell ordered a lumbar MRI, which revealed degenerative changes at L4-5 and L5-S1 and a disc protrusion at L5-S1, which Dr. Murrell believed was compressing the left nerve root.  He later compared this MRI to one taken in July 2016 that indicated a "very minimal" disc protrusion at L5-S1 but no significant compression of the left nerve root.  During his deposition, Dr. Murrell testified that his comparison of the MRIs indicated to him a "structural change" in the condition of Employee's lumbar condition.  He opined that this structural change was caused by the work accident in July 2018.

Following an epidural steroid injection in late 2018, Employee reported approximately fifty percent improvement in his symptoms but still complained of numbness in his left leg.  In January 2019, Dr. Murrell discussed with Employee the possibility of surgery at the L5-S1 level.  During his deposition, Dr. Murrell opined that the need for surgery was "primarily related to the work injury of July 12, 2018."

Several months after receiving the recommendation for surgery, Employer sent Employee for a second opinion examination with Dr. John Brophy, a board-certified neurosurgeon, who first examined Employee on June 4, 2019.  During that visit, Employee reported experiencing back pain beginning in 2011.  He underwent MRIs in both 2011 and 2016 and also had an epidural steroid injection in 2016.  Employee advised Dr. Brophy that ninety percent of his pain was in his lower back, but he also reported pain extending into his left leg and foot.  In Dr. Brophy's opinion, the September 2018 MRI revealed a disc protrusion at L5-S1 that abuts the S1 nerve root, but it showed no "definite evidence of nerve root compression."  Dr. Brophy opined that "his back pain will not be improved" by the recommended surgery.  He recommended a "home endurance exercise program" and released Employee to return to work full duty.

---

[1] Employee's petition for benefits listed the date of injury as July 12, 2018, but Employee testified during the expedited hearing he believed it happened around July 18, 2018.  In the context of this appeal, the precise date of injury is not a contested issue.

2

In late June 2019, Dr. Murrell ordered a myelogram and CT study in an effort to confirm whether the disc protrusion caused nerve root compression. According to Dr. Murrell, the myelogram and CT revealed a left posterior disc extrusion at L5-S1 that "effaced the thecal sac." He again discussed with Employee the possibility of surgery, and Employee indicated he wanted to move forward with that course of treatment. When Dr. Murrell was deposed, he testified that he continued to believe lumbar surgery was reasonable and necessary to treat Employee's work injury. However, during cross-examination, Dr. Murrell admitted he had not seen Employee in ten months and "before we would entertain any kind of surgery, we would re-evaluate him and discuss his symptoms." He also acknowledged that, due in part to the amount of time that has elapsed since his surgery recommendation, he would now be worried about the "chronicity" of the condition and whether Employee would retain residual symptoms even if he proceeded with surgery.

Dr. Murrell acknowledged that at no point during his treatment of Employee had he recommended any work restrictions or physical limitations on Employee's activities. With respect to his medical causation opinion, Dr. Murrell acknowledged he had opined in one of his reports that "the injury that occurred more recently in 2018 *could have led* to the disc abnormality seen on the 9/21/2018 study." (Emphasis added.) During cross-examination, Dr. Murrell clarified: "[G]iven that I have no knowledge of any other intervening event as it appears to be a fairly recent onset, then I would say [the phrase "could have been"] is on the upper end [of fifty percent]."

In December 2020, Employee returned to Dr. Murrell, who again recommended surgery. Employer submitted the recommended treatment to its utilization review provider. In a January 2021 report, the reviewing physician, Dr. Steven Arsht, recommended non-certification of the surgery because, in his view, all appropriate conservative measures had not been attempted, and there was no evidence such conservative measures were contraindicated. This decision was appealed to the Bureau of Workers' Compensation's Medical Director and was reviewed by Dr. James Talmage, the Assistant Medical Director, who concurred with the non-certification.

Employer deposed Dr. Brophy in May 2021. During his direct examination, Dr. Brophy summarized his examinations of Employee and discussed the reasons he did not recommend lumbar surgery. First, based on Employee's report that the majority of his pain came from his low back, Dr. Brophy stated, "[g]enerally[,] that's an indication that he will not be happy after surgery because back pain frequently does not get better." Second, the MRI he reviewed did not reveal definitive evidence of nerve root compression. Dr. Brophy explained, "[t]he reason to perform the surgery is to take pressure off the nerve end and, if he doesn't have pain related to pressure on the nerve and the MRI doesn't demonstrate pressure on the nerve, those patients aren't better in my experience." As a result, Dr. Brophy explained he did not believe the surgery was medically necessary because "his back pain will not be improved."

With respect to the 2019 myelogram and CT scan, Dr. Brophy opined that the results did not reveal any objective evidence of nerve root compression, which is what the proposed surgery would seek to correct. In Dr. Brophy's opinion, these results correlated with a subsequent MRI in December 2020, which also revealed no evidence of S1 nerve root compression. Dr. Brophy further explained that, in his opinion, a disc protrusion that "effaces the thecal sac" is not evidence of nerve root compression. Finally, he believed Employee's leg complaints are "much more likely" related to L5-S1 foraminal stenosis due to degenerative changes rather than the L5-S1 disc protrusion. As of his visit with Employee in May 2021, he did not consider Employee to be a surgical candidate.

On cross-examination, Dr. Brophy explained that the primary difference between his evaluation and that of Dr. Murrell is whether nerve root compression is present. In Dr. Brophy's view, none of the MRIs showed definitive evidence of nerve root compression, and the myelogram/CT, which he described as the "gold standard," showed "normal opacification of the nerve root sleeves." This finding correlated with the MRI findings and, in his opinion, supported his view that there is no nerve root compression and, therefore, the recommended surgery is not likely to improve Employee's symptoms.

Following an expedited hearing, during which Employee was the only live witness, the trial court issued an order denying Employee's request for an order compelling Employer to authorize the surgical treatment recommended by Dr. Murrell. Although the trial court applied a presumption of medical necessity to the treatment recommended by Dr. Murrell as the authorized treating physician, *see* Tennessee Code Annotated section 50-6-204(a)(3)(H), it concluded Employer had overcome this presumption through the evidence it presented from the utilization review physician, Dr. Talmage's letter affirming that decision, and the testimony of Dr. Brophy. Employee has appealed.

**Standard of Review**

The standard we apply in reviewing the trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2020). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings and credibility determinations made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed de novo with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393,

4

399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2020).

## Analysis

On appeal, Employee asserts the trial court erred in determining Employer had overcome the presumption of medical necessity attributable to the treatment recommendations of Dr. Murrell.[2] Employee emphasizes that, at an expedited hearing, an employee need not prove every element of his or her claim by a preponderance of the evidence but must come forward with sufficient proof from which the trial court can conclude the employee is likely to prevail on that issue at trial. Tenn. Code Ann. § 50-6-239(d)(1). Finally, Employee argues the testimony of Dr. Brophy concentrated more on the issue of medical causation, not medical necessity, and the trial court was not asked to address the issue of causation in its order. Hence, in Employee's view, the evidence Employer presented was insufficient to overcome the presumption of medical necessity attributable to Dr. Murrell's surgery recommendation.

In response, Employer asserts the opinions of three qualified physicians rebutted Dr. Murrell's opinion as to medical necessity. In Employer's view, Dr. Brophy relied on the lack of objective evidence of nerve root impingement, which Dr. Murrell failed to sufficiently address in recommending surgical intervention. In addition, in declining to certify the recommended treatment, Dr. Arsht noted that not all appropriate conservative measures had been tried, and Dr. Talmage agreed with Dr. Arsht's non-certification. Finally, Employer argued that a trial court has discretion to review expert medical testimony and accept the opinions of certain physicians over those of other physicians, which the trial court did in this case.

As we have previously stated, an employee need not prove every element of his or her claim for benefits by a preponderance of the evidence to obtain medical benefits at an interlocutory stage of a case. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Tenn. Workers' Comp. App. Bd. Mar. 17, 2015). However, an employee *does* bear the burden of coming forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits consistent with Tennessee Code Annotated section 50-6-239(d)(l). *Id.* Thus, an injured worker retains the burden of proof at all stages of a workers' compensation claim, and a trial court can grant relief at an expedited hearing if

---

[2] In its expedited hearing order, the trial court declined to address any arguments concerning the compensability of the work accident because that issue was not identified on the dispute certification notice. Instead, the trial court's order was limited to the issue of medical necessity of the recommended surgery, and that is the sole issue we address on appeal.

5

the trial court is satisfied that an employee has met the burden of showing that he or she is likely to prevail at a hearing on the merits. Tenn. Code Ann.§ 50-6-239(d)(l).

Tennessee Code Annotated section 50-6-102(14)(C) provides that a work-related injury causes "the need for medical treatment only if it has been shown to a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing the . . . need for medical treatment, considering all causes." In the context of an expedited hearing, the employee must come forward with sufficient proof from which the trial court can conclude he or she is likely to prevail on this issue at trial. Tenn. Code Ann. § 50-6-239(d)(1). Moreover, treatment recommended by an authorized physician is "presumed to be medically necessary for treatment of the injured employee" in accordance with Tennessee Code Annotated section 50-6-204(a)(3)(H). This presumption can be overcome by a preponderance of the evidence. *Morgan v. Macy's*, No. 2016-08-0270, 2016 TN Wrk. Comp. App. Bd. LEXIS 39, at *17 (Tenn. Workers' Comp. App. Bd. Aug. 31, 2016).

Here, the trial court considered the deposition testimony of Drs. Murrell and Brophy, the utilization review report of Dr. Arsht, the letter of Dr. Talmage, and Employee's lay testimony. The critical medical issue was described as the presence or absence of nerve root compression at the L5-S1 level of the lumbar spine. Dr. Brophy explained why the diagnostic tests, including several MRIs, and the myelogram/CT scan did not show objective evidence of nerve root compression. Moreover, Employee stated his predominant symptom was low back pain, which Dr. Brophy testified is not likely to be improved with the recommended surgery. Dr. Arsht recommended non-certification of the surgery because, in his view, all appropriate conservative measures had not been tried, and Dr. Talmage agreed with the non-certification. In these circumstances, we conclude the trial court did not err in accepting the opinions of Employer's medical experts over the opinions of Dr. Murrell with respect to the issue of medical necessity of the recommended surgery. Accordingly, in considering the totality of the evidence, we cannot conclude the evidence preponderates against the trial court's determination that Employer rebutted the presumption of medical necessity accorded Dr. Murrell's opinion.

## Conclusion

For the foregoing reasons, we affirm the trial court's order and remand the case. Costs on appeal are taxed to Employee.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Willie Smith | ) | Docket No. 2019-08-0221 |
| | ) | |
| v. | ) | State File No. 52354-2018 |
| | ) | |
| Memphis National Parts Warehouse/ | ) | |
| Daimler Trucks, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Deana C. Seymour, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 19th day of October, 2021.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Monica R. Rejaei | | | | X | mrejaei@nstlaw.com jkarpovich@nstlaw.com |
| Donald Babineaux | | | | X | dbabineaux@gwtclaw.com |
| Deana C. Seymour, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Matthew Keene
Acting Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov